1

2

3

4

5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                      AT SEATTLE

7  STEVEN H. RICE,                        )
                                          )
8               Plaintiff,                )        CASE NO. C05-0191P
                                          )
9        v.                               )        REPORT AND
                                          )        RECOMMENDATION
10 JO ANNE B. BARNHART,                    )
   Commissioner of Social Security,       )
11                                         )
                Defendant.                )
12 _____)

13        Plaintiff Steven H. Rice appeals to the District Court from a final decision of the

14 Commissioner of the Social Security Administration (the "Commissioner") denying his

15 application for Disability Insurance Benefits under Title II of the Social Security Act.  For the

16 reasons set forth below, it is recommended that the Commissioner's decision be REVERSED

17 AND REMANDED for further administrative proceedings.

18                              I.  PROCEDURAL HISTORY

19        On March 2, 1999, plaintiff filed an application for Disability Insurance Benefits ("DIB")

20 alleging disability since October 31, 1998 due to a spinal cord injury, pain, and depression.  Tr.

21 268-70.  His application was denied initially and on reconsideration.  On June 15, 2000, plaintiff

22 had a hearing before Administrative Law Judge ("ALJ") Ruperta Alexis, who issued plaintiff an

23 unfavorable decision on August 21, 2000.  Tr. 179-193.  The request for review was granted by

24 the Appeals Council, which vacated the ALJ's decision and remanded the matter for further

25
   REPORT AND RECOMMENDATION
26 PAGE - 1

1    proceedings to obtain updated medical records from any treating sources; obtain a consultative

2    mental status examination with psychological testing; obtain a medical source statement

3    describing the claimant's ability to reason and make occupational, personal and social

4    adjustments; consider the entire record and provide rationale and discussion for the conclusions

5    reached regarding the claimant's specific limitations and restrictions; consider the need for a

6    medical expert to assist in addressing the opinion evidence and to assist in arriving at a residual

7    functional capacity; and obtain supplemental evidence from a vocational expert.   Tr. 20-21.

8        A supplemental hearing was held before ALJ Cheri Filion on July 14, 2003.  Plaintiff

9    testified at the hearing, and he was represented by counsel.  At both hearings, testimony was

10   taken from medical expert Michael Powell, Ph.D. and from plaintiff's treating physician's

11   assistant.  Tr. 20.  Vocational expert Robert Aslan testified at the second hearing.  Plaintiff's

12   wife testified at the first hearing.  On April 17, 2004, the ALJ issued a decision finding the

13   plaintiff not disabled because he could perform light duty work.  Tr. 20-34.  On December 10,

14   2004, the Appeals Council denied plaintiff's request for review (Tr. 10-12), making the ALJ's

15   decision the final decision of the Commissioner.  *See* 20 C.F.R. § 404.981.  Plaintiff timely

16   filed his appeal of the decision with this Court.

17                               II.  THE PARTIES' POSITIONS

18       Plaintiff requests that the Court reverse the Commissioner's decision and order the

19   payment of benefits, or in the alternative, remand for further proceedings.  Plaintiff argues that

20   the ALJ erred by: 1) rejecting the opinion of Dr. Powell, the testifying medical expert, regarding

21   plaintiff's limitations from his mental impairments; 2) rejecting the opinions of the examining and

22   treating health care providers; 3) rendering a lay opinion regarding plaintiff's limitation that was

23   not supported by substantial evidence; 4) failing to consider the effects of plaintiff's medications

24   on his functioning; 5) finding plaintiff not credible; 6) failing to properly assess all of plaintiff's

25

26   REPORT AND RECOMMENDATION
     PAGE - 2

—

1  exertional and nonexertional limitations in the RFC assessment; and (7) failing to provide a

2  complete hypothetical to the vocational expert.  Defendant responds that the Commissioner's

3  decision should be affirmed because it is supported by substantial evidence and is free of legal

4  error.

5  III.  STANDARD OF REVIEW

6  The court may set aside the Commissioner's denial of social security disability benefits

7  when the ALJ's findings are based on legal error or not supported by substantial evidence in the

8  record as a whole.  *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence is

9  defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence

10  as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*,

11  881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving

12  conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,

13  1039 (9th Cir. 1995).  Where the evidence is susceptible to more than one rational interpretation,

14  it is the Commissioner's conclusion which must be upheld.  *Sample v. Schweiker*, 694 F.2d 639,

15  642 (9th Cir. 1982).

16  IV.  EVALUATING DISABILITY

17  The claimant bears the burden of proving that he is disabled.  *Meanel v. Apfel*, 172 F.3d

18  1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial

19  gainful activity by reason of any medically determinable physical or mental impairment, which

20  can be expected to result in death, or which has lasted or can be expected to last for a continuous

21  period of not less than twelve months.  42 U.S.C. § 423 (d)(1)(A).

22  The Social Security regulations set out a five-step sequential evaluation process for

23  determining whether claimant is disabled within the meaning of the Social Security Act.  *See* 20

24  C.F.R. § 416.920.  At step one, the claimant must establish that he or she is not engaging in any

25

26  REPORT AND RECOMMENDATION
   PAGE - 3

substantial gainful activity.  20 C.F.R. § 404.1520(b).  At step two, the claimant must establish

that he or she has one or more medically severe impairments or combination of impairments.  If

the claimant does not have a "severe" impairment, he or she is not disabled.  *Id.* at § (c).  At step

three, the Commissioner will determine whether the claimant's impairment meets or equals any

of the listed impairments described in the regulations.  A claimant who meets one of the listings

is disabled.  *See id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments

listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity

and the physical and mental demands of the claimant's past relevant work.  *Id.* at § (e).  If the

claimant is not able to perform his or her past relevant work, the burden shifts to the

Commissioner at step five to show that the claimant can perform some other work that exists in

significant numbers in the national economy, taking into consideration the claimant's residual

functional capacity, age, education, and work experience.  *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d

1094, 1100 (9th Cir. 1999).  If the Commissioner finds the claimant is unable to perform other

work, then the claimant is found disabled.

## V.  SUMMARY OF THE RECORD EVIDENCE

Plaintiff was 47 years old at the time of the second hearing before the ALJ.  He has a high

school education; his past work experience includes work for the Alaska State Ferry system as an

oiler/wiper in an engine room, a disc jockey, an office manager, and a sales clerk.  Tr. 21, 280.

Plaintiff alleges that although he was able to maintain employment until his spinal cord

injury on October 31, 1998, he had a history of back pain and injury beginning several years prior

to his injury.  In January 1995, he suffered a disc herniation while lifting at work.  Tr. 568, 586.

His pain was exacerbated by a September 1997 car accident in which he suffered a whiplash

injury and neck strain.  Tr. 573.  On October 31, 1998, plaintiff fell at work while completing a

REPORT AND RECOMMENDATION
PAGE - 4

1  fire drill exercise onboard the Alaskan Marine Highway vessel.  Tr. 398-99.  Plaintiff was

2  subsequently diagnosed with a contusion abrasion in his left sacral iliac joint.  Tr. 391.  X-rays

3  also showed a narrowing between his L-4 and L-5 vertebrae.  Tr. 392.

4        Plaintiff's date last insured for purposes of DIB was December 31, 1998.  His date last

5  insured for Medicare benefits was December 31, 2003.  Other evidence relevant to plaintiff's

6  allegations is incorporated into the discussion below.

7                         VI.  THE ALJ'S DECISION

8        The ALJ found that plaintiff had not engaged in substantial gainful activity since his

9  alleged disability onset date.  Tr. 33.  She determined that at the time he was last insured,

10  plaintiff's severe impairments were depression, somatoform disorder, substance abuse, and

11  myofacial pain syndrome in the thoracic, lumbar, paraspinal and gluteal muscles.  *Id.*  She found

12  that these impairments did not meet or equal the criteria of any listing.  *Id.*  The ALJ also found

13  that plaintiff's allegations regarding his limitations were not totally credible.

14        The ALJ determined that plaintiff retained the following residual functional capacity:

15        The Claimant is able to lift and carry 10 lbs. frequently and is able to lift and carry 25 lbs.
       occasionally.  The claimant is able to bend and stoop occasionally.  The claimant is able
16     to sit for one hour for a total of 4 to 5 hours in an 8-hours [sic] workday. . . .  The
       claimant is able to stand or walk for 1 hour at a time for a total of 4 to 5 hours in an 8-
17     hour workday.  The claimant is able to do simple, repetitive tasks and is also able to do
       some detailed, complex tasks.  The claimant is unable to work with the general public,
18     but is able to do solitary work with some one on one contact with co-workers or
       supervisors.
19
   *Id.* at p. 33.  At step 4, the ALJ found that plaintiff was unable to perform his past relevant work.
20
   Tr. 33.  At step 5, the ALJ found, based in part on the testimony of the vocational expert, that
21
   plaintiff could perform less than the full range of light level work but that there were a significant
22
   number of jobs in the national economy that he could perform.  Accordingly, the ALJ concluded
23
   that plaintiff was not entitled to a period of disability or to DIB benefits.  Tr. 34.
24
                         VII.  DISCUSSION
25

26  REPORT AND RECOMMENDATION
   PAGE - 5

1  A.    Plaintiff's Credibility

2        Plaintiff argues that the ALJ erred in assessing his credibility.  If a claimant has

3  established an underlying impairment which reasonably could be expected to produce the alleged

4  subjective complaints and there is no evidence of malingering, the ALJ must provide clear and

5  convincing reasons for rejecting the claimant's testimony.  *See Smolen v. Chater*, 80 F.3d 1273,

6  1281 (9th Cir. 1996); *see also Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986).  General

7  findings are insufficient; rather, the ALJ must identify what testimony is not credible and what

8  evidence undermines the claimant's complaints.  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.

9  1993); *Varney v. Sec'y of Health and Human Servs.*, 846 F.2d 581, 584 (9th Cir. 1988) (Varney

10  I).  In assessing credibility, the ALJ may consider, for example: 1) ordinary techniques of

11  credibility evaluations, such as the claimant's reputation for lying and prior inconsistent

12  statements concerning the symptoms; 2) unexplained or inadequately explained failure to seek

13  treatment or to follow a prescribed course of treatment; 3) the claimant's daily activities; and 4)

14  medical evidence tending to discount the severity of subjective claims.  *Rollins v. Massanari*, 261

15  F.3d 853, 856-57 (9th Cir. 2001).

16        In this case, plaintiff argues that the ALJ improperly found him not credible based on the

17  lack of objective evidence of pain.  The record does not show that the ALJ required plaintiff to

18  produce such evidence.  Rather, the ALJ determined that plaintiff's allegations of completely

19  disabling mental and physical impairments were not credible based on several factors, including

20  "the inconsistencies between the claimant's allegations at the hearing of what he could do and

21  what he told his care providers he was actually doing." Tr. 30.  For example, the ALJ noted that

22  there was a specific reference in the medical records to plaintiff "working at a store.  He is

23  working full-time playing musical gigs.  He is playing his drums and teaching three to four days a

24

25

26  REPORT AND RECOMMENDATION
   PAGE - 6

1    week at a drum shop and teaching."[1]  Tr. 22, 122.  Although plaintiff testified during the hearing

2    that he was merely volunteering at the store and teaching much less frequently, the ALJ was not

3    required to credit his hearing testimony over what he had told his physicians during the course of

4    treatment.

5         The ALJ also noted that plaintiff "did not admit to his medical care givers that he used

6    marijuana until he tested positive for it in a urine drug screen."  *Id.*  The ALJ further noted that

7    plaintiff told an evaluating psychologist in 2002 that he was in too much pain to play the drums

8    any longer, yet evidence showed that he played the drums both before and after making that

9    statement.  *Id.*  Plaintiff does not dispute these two findings.

10        Finally, the ALJ found that plaintiff's professed complete disability was inconsistent with

11   his extensive activities of daily living, including being the primary care giver for his children, and

12   performing household, yard, and farm chores.  Tr. 22.  This finding was based on what plaintiff

13   told his medical providers during treatment and his hearing testimony.  Although performance of

14   activities of daily living does not necessarily translate to an ability to work, it is proper to

15   consider those activities when evaluating the credibility of plaintiff's claim of disabling pain and

16   depression.  The ALJ provided clear and convincing reasons for discrediting plaintiff's testimony.

17   Accordingly, I conclude that the ALJ did not err in finding plaintiff's testimony not entirely

18   credible.

19   B.    Testifying Expert Dr. Powell

20

21        [1] Plaintiff argues that the ALJ's notation that the medical evidence showed plaintiff
22   working in a music store from March through July 2003 was inconsistent with her finding that
     plaintiff had not performed substantial gainful activity ("SGA") during the relevant time.  The two
23   findings are not inconsistent.  The fact that plaintiff did not engage in SGA does not mean he was
     *unable* to do so.  Furthermore, the standards for evaluating credibility and SGA  are not the same,
24   and working as much as plaintiff told his physicians he did would not necessarily meet the
     regulatory definition of SGA.  *See* 20 C.F.R. §§ 404.1572, 404.1573, 404.1574.
25

     REPORT AND RECOMMENDATION
26   PAGE - 7

1    Plaintiff argues that the ALJ improperly rejected the testimony of testifying expert Dr.

2  Powell.  During the hearing, Dr. Powell testified that the record as a whole supported a diagnosis

3  of "pain disorder with both psychological and medical features."  Tr. 139.  Dr. Powell evaluated

4  plaintiff's pain disorder under Listing 12.07, and evaluated his depression under Listing 12.04.

5  Dr. Powell testified that plaintiff had moderate limitations in activities of daily living, marked

6  limitations in social functioning, and marked limitations in maintaining concentration, persistence,

7  and pace.  (Tr. 146-47).  The ALJ rejected Dr. Powell's assessment of the severity of plaintiff's

8  impairments.  The ALJ found that plaintiff's restrictions of daily living are mild, his difficulties in

9  maintaining social functioning was mild to moderate, and his deficiencies in maintaining

10  concentration, persistence, and pace were mild to moderate.

11    The ALJ stated that she rejected Dr. Powell's opinion for the following reason:

12  "Although Dr. Powell[] stated he based his opinion of the claimant's mental limitations on the

13  entire medical record, especially the claimant's own described self perceptions of disability, I do

14  not believe that Dr. Powell paid enough attention to the claimant's own descriptions of his

15  mental and physical activities in those same medical records."  Tr. 28.  An ALJ "may reject the

16  opinion of a non-examining physician by reference to specific evidence in the medical record."

17  Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998).  In this case, the ALJ did not reference

18  any medical evidence in rejecting Dr. Powell's opinion.  Instead, as the Commissioner concedes,

19  the ALJ rejected his opinion based solely on the claimant's activities.  Even if his activities were a

20  proper basis to reject Dr. Powell's opinion, the ALJ ignored the fact that Dr. Powell specifically

21  stated that he considered plaintiff's activities in forming his opinion.  Moreover, the ALJ

22  explicitly probed Dr. Powell on the extent of plaintiff's activities, so there is no doubt that Dr.

23  Powell considered them in forming his opinion.  Tr. 144 (ALJ reminding Dr. Powell that plaintiff

24  was raising his children, playing music, and using marijuana); Tr. 145-46 (ALJ stating that Dr.

25

26  REPORT AND RECOMMENDATION
   PAGE - 8

Powell's assessment of marked limitations "sounds inconsistent with hanging out at a drum store

teaching, occasionally getting involved with the band").  In sum, the ALJ erred by rejecting Dr.

Powell's opinion based solely on her disagreement with his evaluation of plaintiff's activities.

C.      Appropriate Remedy

Because the Court has found that the ALJ erred, it must consider whether to remand for

payment of benefits or for further proceedings.  The decision whether to remand a case for

further proceedings or simply to award benefits is in the Court's discretion.  Varney v. Secretary

of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Varney II").  The Court

may direct an award of benefits where the record has been fully developed and where further

administrative proceedings would serve no useful purpose.  Swenson v. Sullivan, 876 F.2d 683,

689 (9th Cir. 1989).  In determining when evidence should be credited and an immediate award of

benefits directed, the Court applies the following test:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence;
> 2) there are no outstanding issues that must be resolved before a determination of
> disability can be made; and 3) it is clear from the record that the ALJ would be
> required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (citing Smolen, 80 F.3d at 1292).  The

decision to remand for further proceedings depends on the utility of such proceedings.  Id. at

1179.

Plaintiff argues that he should be awarded benefits based on the existing record.

However, at this point, the record contains greatly conflicting medical evidence regarding the

extent of plaintiff's limitations.  Furthermore, the Court will not simply credit Dr. Powell's

opinion as true because it was based at least in part on plaintiff's hearing testimony, and the ALJ

properly found his testimony not credible.

Accordingly, remand is appropriate to properly evaluate the medical evidence, including

REPORT AND RECOMMENDATION
PAGE - 9

1   Dr. Powell's opinion, in light of the complete record and the credibility determination.[2]  Once the

2   medical evidence is properly credited, the ALJ must reevaluate plaintiff's residual functional

3   capacity and whether he can perform other work.

4                                    VIII.  CONCLUSION

5           The ALJ's decision is not free of legal error.  However, an award of benefits would be

6   inappropriate at this stage because outstanding issues remain.  Accordingly, the undersigned

7   recommends that the Commissioner's decision be REVERSED, and this matter be REMANDED

8   pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.  A proposed Order

9   accompanies this Report and Recommendation.

10

11          DATED this 7th day of December, 2005.

12

13

14

15          _____

16          MONICA J. BENTON
            United States Magistrate Judge

17

18

19

20

21

22  _____

23          [2] Because remand is appropriate and the ALJ will need to reevaluate the medical evidence,
    the Court need not address plaintiff's additional claimed errors.  Furthermore, because of the
24  conflicts in the medical evidence, the Court is not required to credit the favorable evidence as a
    matter of law as plaintiff alleges.  *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).
25

    REPORT AND RECOMMENDATION
26  PAGE - 10